UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Suzanne Flemming, individually and on behalf of all similarly situated individuals,<br>        *Plaintiff*,<br><br>        *v.*<br><br>The MENTOR Network,<br>        *Defendant*. | Civil No. 3:11cv689 (JBA)<br><br><br>April 30, 2012 |

RULING ON PLAINTIFF'S MOTION TO AMEND

Plaintiff Suzanne Flemming, individually and on behalf of the class she seeks to represent, brought this action seeking damages based on violations of the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"). Plaintiff now moves pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to amend her complaint to substitute one party defendant and to add two additional party defendants. For the reasons that follow, Plaintiff's Motion for Leave to Amend Complaint [Doc. # 17] is **granted in part** to permit substitution of REM Connecticut Community Services, Inc. ("REM") for defendant Mentor Network ("Mentor") and **denied without prejudice** with regard to adding National Mentor Services, LLC ("NMS") and National Mentor Holdings, Inc. ("NMH") as additional defendants.

I.      Background

Plaintiff commenced this action individually and on behalf of the putative class on April 29, 2011. Plaintiff claims that she and the putative class members were denied overtime compensation in violation of FLSA and CMWA. (Compl. ¶¶ 28–48.) In her original complaint, she named only Mentor as a defendant. (Compl. ¶¶ 6–8.) Mentor filed its answer on July 1,

2011, contending that the Plaintiff mistakenly named Mentor as her employer because "the MENTOR Network" is not a legal entity, but, instead, is a trade name for, among other entities, REM.  (Answer ¶ 5.)  REM concedes that it was Plaintiff's employer at all times relevant to the complaint.  (Answer ¶ 5.)

On August 31, 2011, Plaintiff moved for leave to amend the original complaint to substitute REM as a party defendant instead of Mentor.  In addition, the proposed amended complaint seeks to add, as defendants, NMS and NMH (collectively with REM, the "Defendants").  (Proposed Am. Compl. ¶¶ 6-10.)  The proposed amended complaint alleges that "REM is a subsidiary of [NMS], which is a wholly owned subsidiary of [NMH]."  (Proposed Am. Compl. ¶ 6.)  The Plaintiff alleges that, at all relevant times, she was employed by all three of the Defendants.  (Proposed Am. Compl. ¶ 5.)  She further alleges that "[t]he employees designated as Residential Supervisors and/or Residential Managers in each of Defendants' facilities were subject to the same payroll practices, and they performed similar job duties, under similar conditions."  (Proposed Am. Compl. ¶ 24.)  The proposed amended complaint contains no other allegations pertaining to the relationships between each of the Defendants or their respective employment relationships with the Plaintiff.

## II.     Standard of Review

"The court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[A] district court may properly deny leave [to amend under Rule 15(a)] when amendment would be futile." *See Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).  An amendment to a complaint is futile when the proposed claims could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

2

Rules of Civil Procedure. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). The court can dismiss a claim under Rule 12(b)(6) only if the plaintiff's factual allegations, taken as truth, are not sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion under Rule 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

**III.   Discussion**

The Defendants do not dispute that REM is properly substituted as a Defendant in the proposed amended complaint, but argue that the proposed amended complaint is futile as to NMS and NMH because it contains insufficient factual content to plausibly allege an "employee-employer" relationship between the Plaintiff, NMS, and NMH as required to be actionable under FLSA and CMWA.

Both FLSA and CMWA control certain terms of the relationship between "employer[s]"[1]

---

[1] FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). CMWA defines "employer" to mean "any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased person, the conservator of the estate of an incompetent, or the receiver, trustee, successor or assignee of any of the same, employing any person, including the state and any political subdivision thereof." Conn. Gen. Stat. § 31-71a(1).

and "employee[s]."[2] 29 U.S.C. § 207; Conn. Gen. Stat. § 31-72. Since most employees claim only one employer, further pleading beyond the allegation of "employer" is not typically necessary. However, where a plaintiff claims multiple simultaneous employers, or "joint employers" under FLSA, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . with an eye to the economic reality presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (internal citations and quotations omitted).[3] Although CMWA "provides wage and overtime guarantees similar to FLSA," *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 263 n.2 (D. Conn. 2002), the Connecticut Supreme Court has declined to adopt the "economic reality" test for purposes of evaluating joint employer status under the CMWA, *Butler v. Hartford Technical Inst.*, 243 Conn. 454, 462 n.8 (1997). Instead, Connecticut courts consider factors such as whether the alleged employer set the hours of employment, paid wages, exercised control over day-to-day responsibilities, or ran other daily operations. *Id.* at 464-65; *Petronella ex rel. Maiorano v. Venture Partners, Ltd.*, 60 Conn. App. 205, 211-12 (2000).

---

[2] FLSA provides that "the term 'employee' means any individual employed by an employer." 29 U.S.C. § 203(e)(1). CMWA defines "employee" to include "any person suffered or permitted to work by an employer." Conn. Gen. Stat. § 31-71a(2).

[3] The Second Circuit has identified several non-exclusive factors to be consider in applying the economic reality test: "(1) whether [the putative employers'] premises and equipment were used for the plaintiffs' work; (2) whether the [direct employer] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the putative employers'] process of production; (4) whether responsibility under the contracts [between the direct and putative employers] could pass from one [entity] to another without material changes; (5) the degree to which the [putative employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for the [putative employers]." *Zheng v. Liberty Apparel Co.*, 335 F.3d 61, 72 (2d Cir. 2003).

Here, the Plaintiff alleges no specific facts permitting application of any of the FLSA economic reality test factors or the CMWA factors.  She only alleges that she was "employed" by the Defendants (Proposed Am. Compl. ¶¶ 5, 19) together with the members of the putative class (Proposed Am. Compl. ¶¶ 11, 13, 15), and that she and the putative class members "in each of Defendants' facilities were subject to the same payroll practices, and . . . performed similar job duties, under similar conditions." (Proposed Am. Compl. ¶ 24.)  Plaintiff argues that, based on these allegations, "it is reasonable to infer that all Defendants could hire and fire Plaintiff and similarly situated individuals; supervise and control their work and the conditions of their employment; determine the rate of pay; and maintained employment records." (Reply 6.)  The Court disagrees that the complaint's scant factual allegations permit such inferences.  Plaintiff does not specifically or expressly allege how NMH or NMS controlled any aspect of her employment, supervised her work, paid her wages, controlled her day-to-day responsibilities, or set her hours of employment. *See Hart v. Rick's Cabaret Int'l Inc.*, No. 09cv3043, 2010 WL 5297221, at *3 (S.D.N.Y. Dec. 20, 2010) (holding that the plaintiffs successfully plead that the parent company defendant was their employee where the complaint expressly alleged that the defendant directly employed managers who supervised the plaintiffs, distributed rules and guidelines governing the plaintiffs' conduct at work, and imposed discipline on the plaintiffs).  In order to draw the inferences that Plaintiff asks this Court to draw, she must plead some specific, non-conclusory allegations tending to show that NMS and/or NMH can be considered "joint employers" under the FLSA and CMWA.  *See id.* ("To assert the 'economic reality' that defendant is an 'employer,' a plaintiff must allege specific facts that permit such inference); *see also Bell Atl.*, 127 S.Ct. at 1959 (a plaintiff's "obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions").

Plaintiff further claims that her proposed amended complaint is not futile as to NMH because NMH held itself out as her employer to the Connecticut Workers' Compensation Commission.  In support, Plaintiff appends a Connecticut Workers' Compensation Commission Statement dated April 25, 2011 to her reply brief, which lists NMH as Plaintiff's employer. (Reply Ex. B.)  Because this assertion is not found "within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference," it is not considered in resolving this Motion, *see McCarthy*, 482 F.3d at 191, and the proposed amended complaint is futile as to NMH on this theory.

Although the proposed amended complaint is futile as to the addition of NMH and NMS as "employers," the Court will grant Plaintiff's alternative request that she be afforded a final opportunity to correct these deficiencies.  Plaintiff may renew her motion to amend with respect to NMS and NMH with a proposed amended complaint pleading sufficient facts to support her allegations that she was jointly employed by all the Defendants.  *See Hibbs-Rines v. Seagate Technologies, LLC.*, No. C 08-05430 SI, 2009 WL 513496, at *5 (N.D. Cal. Mar. 2, 2009) (allowing the Plaintiff permission to amend her class action complaint to adequately allege that she was "jointly employed" by the parties).

IV.  Conclusion

For the foregoing reasons, the Plaintiff's Motion for Leave to Amend Complaint [Doc. # 17] is granted in part with regard to substituting REM for Mentor as a party and denied in part without prejudice to naming NMS and NMH as additional Defendants.  The Plaintiff shall either file an amended complaint naming REM as the sole Defendant, or, at her election, renew

her Motion for Leave to Amend Complaint with a proposed Amended Complaint containing sufficient factual allegations supporting her theory that all three Defendants were her joint employers.  The Plaintiff shall comply by May 8, 2012.  Any objection will be filed by May 18, 2012.

                IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of April, 2012.